KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

FARA GOLD
Special Litigation Counsel
Criminal Section
Civil Rights Division

    950 Pennsylvania Ave, NEW
    Washington, DC 20530
    Telephone: (202) 532-5158
    fara.gold@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 22-cr-000016-HSG |
| Plaintiff, | UNOPPOSED MOTION AND [PROPOSED] ORDER TO ALLOW VICTIMS TO ATTEND SENTENCING REMOTELY |
| v. | |
| JAMES THEODORE HIGHHOUSE, | |
| Defendant. | |

The United States of America respectfully moves this Court to allow remote access for the victims to attend to the sentencing hearing scheduled for August 31, 2022. The defendant does not object to this request.  In support, the United States submits the following:

I.    <u>Procedural Background</u>

On January 18, 2022, the United States filed a five-count information charging the defendant, a former Bureau of Prisons chaplain at FCI-Dublin, with crimes related to his sexual abuse of a female inmate that occurred May 15, 2018 through February 9, 2019. (Doc. 1). Counts One and Two each charge the defendant with Sexual Abuse of a Ward, in violation of 18 U.S.C. § 2243(b) for engaging in a sexual act with L.I., a female inmate in official detention, who was under the defendant's custody,

1  supervisory, and disciplinary authority. Specifically, the conduct alleged in Count One is that the

2  defendant penetrated the victim's vulva with his penis. The conduct alleged in Count Two is that the

3  defendant caused the victim to put her mouth on his penis. Counts Three and Four each charge the

4  defendant with Abusive Sexual Contact, in violation of 18 U.S.C. § 2244(a)(4), for engaging in sexual

5  contact with L.I., a female inmate in official detention, who was under the defendant's custody,

6  supervisory, and disciplinary authority. Specifically, the conduct alleged in Count Three is that the

7  defendant caused L.I. to touch his penis and the conduct alleged in Count Four is that defendant

8  masturbated in front of L.I. Finally, Count Five charges the defendant with making false statements to

9  federal agents in violation of 18 U.S.C. § 1001, when he falsely denied engaging in sexual acts and

10  sexual contact with L.I.

11      On February 23, 2022, the defendant entered a guilty plea to the aforementioned counts in the

12  information. This matter is set for sentencing on August 31, 2022.

13      II.      Victims of Charged and Uncharged Conduct

14      As discussed above, L.I. is the listed victim in the information. Additionally, as the Presentence

15  Report (PSR) will set forth, and consistent with discovery that was provided to the defendant, there are

16  several other females who articulated that the defendant subjected them to unwanted sexual conduct or

17  sexual abuse while they were in custody. Had this case proceeded to trial, the United States would have

18  sought to admit their accounts, pursuant to Fed. R. Evid. 413 or 404(b).

19      In February 2018, T.M. and N.J., then inmates at FCI-Dublin, reported to prison officials that

20  when they were in the defendant's office to use his printer, the defendant kept them in his office,

21  claimed to be a sex therapist, repeatedly asked them graphic questions of a sexual nature, and sat in a

22  manner that displayed his erection. About a year later, when federal agents later interviewed the

23  defendant about his conduct with L.I., the agents also questioned him about T.M. and N.J. Just as the

24  defendant denied any misconduct with L.I., he likewise denied the misconduct that T.M. and N.J.

25  alleged.

26      In 2015, when the defendant was working as a chaplain at the Palo Alto VA Hospital, he met

27  with S.G., a female patient who was receiving residential treatment. During her counseling sessions with

28

the defendant, the defendant seemed "overly interested" in the details of her prior rape, asked for details of her physical relationship with her husband, and offered up ways in which to "spice up" her sex life with her husband. The defendant seemed "creepy" and made S.G. feel uncomfortable.

In May 2022, three months after the defendant entered his guilty plea in this case, W.P., a female inmate now incarcerated out-of-state, reported to BOP officials that when she was housed at FCI-Dublin, she sought out the defendant, the prison chaplain, for spiritual guidance. W.P. described a pattern of behavior similar to the pattern described by L.I. The defendant engaged in sexual acts with W.P. on about four occasions between September/October 2017 and April 2018.

III.   Legal Argument

The Crime Victim's Rights Act (CVRA) provides crime victims with "[t]he right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding," "the right to be reasonably heard at any public proceeding in the district court involving … sentencing," and "the right to be treated with fairness and with respect for the victim's dignity and privacy," 18 U.S.C. § 3771(a)(3), (4), (8).

The United States has ensured compliance with the CVRA with the latter two provisions by maintaining contact with the victims and working with them to prepare victim impact statements. To that end, the United States has thus far provided two victim impact statements for inclusion in the PSR. With regard to ensuring that the victims can attend the sentencing hearing, L.I. lives in Thailand, W.P. is in BOP custody in another state, and the remaining aforementioned victims live throughout California and elsewhere. In light of the COVID-19 pandemic in particular, it would be logistically difficult, cost-prohibitive, and create health risks for the victims to travel to the hearing.

The United States therefore respectfully requests that the Court enter an order to set up a zoom link or phone line which will allow the victims to listen to the hearing, and have the opportunity to hear

the parties' arguments and the Court pronounce sentence. This process will also permit the defendant's

family and friends to listen to the hearing, where they otherwise might not have the means to do so.

.

///

///

///

Respectfully submitted,

DATED: August 16, 2022                              _____/s/ Fara Gold_____
                                                    FARA GOLD
                                                    Special Litigation Counsel

## **PROPOSED ORDER**

Based upon the representations of counsel for the United States and without objection from counsel for the defendant, and particularly in light of the ongoing COVID-19 pandemic, the Court orders that the Clerk of Court establish a phone line or zoom link so that interested parties may remotely attend the sentencing hearing in this matter, set for August 31, 2022 at 2:00 p.m.

IT IS SO ORDERED.

DATED:_____

_____
THE HONORABLE HAYWOOD S. GILLIAM JR.
United States District Judge